**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

April 5, 2011

MEMO TO COUNSEL

  Re: *Darren Lawley, et al. v. Paul E. Northam, et al.*
     Civil No.: ELH-10-1074

Dear Counsel:

  Now pending before the court are plaintiffs' Motion To Deem Plaintiffs' Requests For Admission As Not Excessive (ECF 55); Defendants Paul E. Northram And Lynne Immell's Motion For Protective Order With Respect To Request For Admissions Propounded By Plaintiffs Darren Lawley and Misha Lawley (ECF 59); Defendants, Paul E. Northam and Lynne Immell's, Opposition To Plaintiffs' Motion To Deem Plaintiffs' Requests For Admission As Not Excessive (ECF 64); and Motion For Protective Order Of Defendants Hileman Real Estate and Debora Hileman (ECF 63).[1] No hearing is necessary to resolve these motions. *See* Local Rule 105.6.

  In accordance with the Scheduling Order filed on September 16, 2010 (ECF 31), on March 4, 2011, the three plaintiffs timely propounded one document, titled Request for Admissions ("Request"), to all four defendants, consisting of 123 separate requests. Some of the request are compound in nature. Approximately eight concern admissions as to the genuineness of documents. All defendants voiced their objection to the Request, claiming the document is excessive, and in violation of Local Rule 104.1. The parties' inability to resolve the discovery dispute led to the flurry of motions now pending.

  F. R. Civ. P. 36 does not limit the number of requests for admission that a party may propound. However, Local Rule 104.1 provides: "Unless otherwise ordered by the Court, or agreed upon the by the parties, no party shall serve upon any other party, at one (1) time or cumulatively...more than thirty (30) requests ...for admission (other than requests propounded for the purpose of establishing the authenticity of documents.....), including all parts and sub-parts."

  Counsel for plaintiffs suggests that the number of requests is reasonable, given that there are three plaintiffs, four defendants, plaintiffs have alleged fourteen (14) causes of action, and the case is complex. In my view, the case is not unusually complex. Moreover, the number of causes of action is not the measure of whether the number of requests is reasonable. As

---

[1] The response to plaintiffs' motion is not due until April 18, 2011. Although the Hilemans have not yet filed an opposition, their Motion for Protective Order as to the requests for admission is tantamount to an opposition to plaintiffs' motion (ECF 55). And, given plaintiffs' motion, it is obvious that they oppose the defendants' motions for protective order.

defendants point out, all fourteen causes of action are based on the same underlying factual allegations.

Having reviewed the proposed Request, I agree with the defendants that it is excessive, and in violation of Local Rule 104.1. The number can easily be reduced. For example, it is obvious that the defense will not admit to several of the requests, and thus it was unnecessary to include them. To illustrate, Request 123 states: "Hileman breached the applicable standard of care owed to Willoughby and the Lawleys by failing to disclose material facts known about this property, to include severe water intrusion, a history of sump pump failure and flooding, the presence of mold and other contaminants such as asbestos, as well as the receipt of a governmental notice such as was received by the sellers (and Hileman) in August, 2008." Request 123 is also an example of one that is improper because it contains multiple factual assertions, and thus multiple sub-parts.

Accordingly, the court shall deny plaintiffs' Motion To Deem Plaintiffs' Requests For Admission As Not Excessive (ECF 55), and shall grant defendants' motions for protective order (ECF 59 and ECF 63). However, the court shall permit plaintiffs to resubmit, by April 15, 2011, proper requests for admission to all defendants, not to exceed thirty to each defendant, exclusive of requests propounded to establish the authenticity of documents or that particular documents constitute business records.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely,

/s/
Ellen Lipton Hollander
United States District Judge