IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARREN LAWLEY, ET AL.,
   *Plaintiffs,*

v.

PAUL E. NORTHAM, ET AL.,
   *Defendants.*

Civil Action No.: ELH-10-1074

**MEMORANDUM**

On April 24, 2013, I issued a Memorandum Opinion ("Mem. Op.," ECF 187) and Order (ECF 188), in which, *inter alia*, I awarded attorneys' fees in the amount of $154,505.31, in favor of defendants Paul Northam and Lynn Immell, and against plaintiffs Dona May Willoughby, Misha Lawley, and Darren Lawley. On May 9, 2013, plaintiffs filed a "Motion to Alter or Amend Judgment" ("Motion," ECF 190), pursuant to Fed. R. Civ. P. 59(e), asking me to "strik[e] the award of attorney's fees" in favor of Northam and Immell and against plaintiffs. Motion ¶ 4. Plaintiffs also filed a supporting memorandum of law ("Memo," ECF 190-1). Defendants opposed the Motion ("Opposition" or "Opp.," ECF 192), and plaintiffs have replied ("Reply," ECF 193). No hearing is necessary to resolve the Motion. *See* Local Rule 105.6.

Rule 59(e), titled "Motion to Alter or Amend a Judgment," states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although the Federal Rules do not specify a standard for granting such relief, the Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment [under Rule 59(e)]: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac.*

*Ins. Co. v Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 525 U.S. 1104 (1999); *see Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007).

The purpose of Rule 59(e) is to "permit a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins.*, 148 F.3d at 403 (citation omitted). However, "'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). Accordingly, the Fourth Circuit has cautioned that a party *may not* use a Rule 59(e) motion to "raise arguments which could have been raised prior to the issuance of the judgment," or to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Here, plaintiffs argue that Rule 59(e) relief is necessary to correct a clear error of law in regard to the award of counsel fees, or to prevent manifest injustice. With respect to this standard, "'[m]ere disagreement does not support a Rule 59(e) motion.'" *U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citation omitted), *cert. denied*, 538 U.S. 1012 (2003). Moreover, a "factually supported and legally justified" decision does not constitute clear error. *Hutchinson v. Staton*, 994 F.2d 1076, 1081-82 (4th Cir. 1993). Put more colorfully, "to justify reconsideration on this basis, the prior judgment cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012) (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)); *accord Gross v. Pfizer, Inc.*, 825 F. Supp. 2d 654, 664 (D. Md. 2011).

Plaintiffs offer three contentions in support of their Motion. In my view, none of them warrants relief under Rule 59(e).

First, plaintiffs assert: "Plaintiffs Darren and Misha Lawley were not parties to the subject Residential Contract of Sale" and, "[i]n the absence of a contractual agreement to pay attorney's fees, no such award can be imposed against the Lawleys." Motion ¶ 2.[1] As defendants note, however, "Plaintiffs could have, but did not, raise this issue in their Opposition to Motion for Attorneys' Fees." Opp. at 3. Relief may not be granted under Rule 59(e) for reasons that plaintiffs could have advanced, but chose not to pursue. *See Pacific Ins. Co.*, 148 F.3d at 403; *Nat'l Ecological Found. v. Alexander*, 496 F.3d 466, 477 (6th Cir. 2007) ("Rule 59(e) motions are 'aimed at reconsideration, not initial consideration.'") (Citation omitted).

Indeed, plaintiffs took the opposite position. They argued that they were entitled to an award of attorneys' fees because, as to the Hileman defendants, they were the "prevailing party" under the Residential Contract of Sale. Put another way, plaintiffs initially sought to use the Residential Contract as a sword, but now endeavor to use it as a shield. The Rule does not allow a litigant "to switch from theory to theory like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003).

Moreover, the Lawleys relied on the assignment from Ms. Willoughby as a basis for their right to sue the defendants. They bear the burdens of the assignment as well. *See Brooks v. United States*, 833 F.2d 1136, 1144 (4th Cir. 1987) ("It is well established that 'the assignee steps into the shoes of the assignor, taking it subject to all prior equities between previous parties . . . .'") (citation omitted); *accord Citizens' Nat'l Bank of Pocomoke City v. Custis*, 153 Md. 235, 262, 138 A.2d 261 (1927) (stating that assignee of a sealed instrument, "standing in the shoes of

---

[1] This argument does not apply to Willoughby, who was a party to the contract from inception. So, even if I agreed with the Lawleys as to this contention, it would leave the award of fees intact as to Willoughby.

the assignor, . . . would take subject to all the equities, burdens, and setoffs existing between the original parties before the assignment or notice thereof").

Second, plaintiffs assert that "[e]xisting law in the Fourth Circuit provides that attorney's fees are items of special damage for [Fed. R. Civ. P.] 9(g) purposes, which must be specifically pled," and that such "caselaw is a specific and binding authority in this Circuit." Memo at 2; *see* Motion ¶ 3. In particular, plaintiffs cite to *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 705 F.2d 712, 716 n.4 (4th Cir. 1983). *See* Memo at 2-5. But, plaintiffs merely rehash the same arguments they made previously with respect to the defendants' request for attorneys' fees. In my Memorandum Opinion, I considered but rejected plaintiffs' reliance on the *Atlantic Purchasers* decision because it was factually inapposite and not consistent with subsequent case law. Plaintiffs' "mere[] disagreement" with my reasoning does not entitle them to relief under Rule 59(e). *Westinghouse*, 305 F.3d at 290.

Third, plaintiffs claim that they were prejudiced by defendants' failure to plead attorneys' fees as special damages, and by defendants' failure to report quarterly billing statements, as required under Appendix B of this Court's Local Rules. According to plaintiffs, they "were deprived of the opportunity to consider the effect of a potential fee award in favor of [Northam and Immell] in their handling of this case." *Id.* at 7. But, plaintiffs were well aware of the language contained in the Residential Contract of Sale, which stated, in relevant part: "In any action or proceeding between Buyer and Seller . . . the prevailing party in such action or proceeding shall be entitled to receive reasonable attorney's fees from the other party." As I noted in my Memorandum Opinion, having pursued the recovery of attorneys' fees for themselves, albeit unsuccessfully, plaintiffs "cannot . . . claim that they were not on notice of

Paragraph 35's attorneys' fees provision." Mem. Op. at 48. Plaintiffs' argument as to prejudice essentially recasts the various contentions that the Court has already considered and rejected. I will not consider them a second time.

## Conclusion

For the foregoing reasons, the plaintiffs' Motion shall be denied. A separate Order follows.


Date: August 23, 2013                                /s/
                                                 Ellen Lipton Hollander
                                                 United States District Judge